People v Rivas

2026 NY Slip Op 02609

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Angel Rivas, Appellant.

Decided and Entered: April 28, 2026

Ind. No. 74026/22|Appeal No. 6471|Case No. 2023-06240|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Mary McGarvey-DePuy of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Dineen Ann Riviezzo, J.), rendered October 4, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation, unanimously modified, on the law, to the extent of striking the conditions of probation requiring defendant to support dependents and meet other family responsibilities (Condition No. 14); submit to any drug or alcohol assessment and/or tests if directed by the Department of Probation (Condition No. 15); undergo medical/psychiatric treatment and/or remain in a specified institution if directed by the Department of Probation (Condition No. 22); participate in an alcohol, substance abuse, intervention, domestic violence or alternative to violence program as directed by the Department of Probation (Condition No. 23); refrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation (Condition No. 24); and install or have installed and maintain a functioning Ignition Interlock Device in his vehicle (Condition No. 27), and otherwise affirmed.

Defendant's challenges to the legality of the conditions of his probation are not foreclosed by his appeal waiver (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]) or the lack of preservation (see People v Hakes, 32 NY3d 624, 628 n 3 [2018]; People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025], lv denied 44 NY3d 1054 [2025]).

The six challenged conditions of probation must be stricken because they are "not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life" (Vasquetelles, 241 AD3d at 1209; see Alvarez, 233 AD3d at 620; see also Penal Law § 65.10 [1]). The probation conditions requiring defendant to support dependents and meet other family responsibilities (Condition No. 14) and to refrain from wearing or displaying gang paraphernalia and having any association with a gang or its members (Condition No. 24) are not supported here. Considering that defendant lives with his parents and does not have any dependents, the condition that requires him to support dependents is not reasonably related to his rehabilitation. Nor is there any evidence that defendant had a history of gang affiliation or that his offense was connected to gang activity, and as such the condition related to a prohibition on gang affiliation is also not reasonably related to his rehabilitation (see People v Balogh, 245 AD3d 572, 574 [1st Dept 2026]; Vasquetelles, 241 AD3d at 1209). Additionally, the People do not oppose striking these two conditions.

[*2]

The probation conditions requiring defendant to submit to drug and alcohol testing (Condition No. 15) and to participate in alcohol and substance abuse intervention, as well as treatment for domestic violence and alternatives to violence programs (Condition No. 23) are also improper here. Defendant denied the use of illegal drugs and alcohol, there is no evidence that defendant's offense involved any drugs or alcohol, the Department of Probation did not conclude that defendant required substance abuse or related treatment (see Balogh, 245 AD3d at 574), and there is no suggestion that defendant's crime involved domestic violence.

The probation condition requiring defendant to submit to mental health treatment (Condition No. 22) must likewise be stricken. Defendant denied any mental health issues, the People do not allege or provide any evidence to dispute this, and the Department of Probation did not make any recommendation with respect to mental health treatment.

The condition requiring defendant to install and maintain a functioning Ignition Interlock Device (Condition No. 27) should be stricken as well. There is no indication that defendant owns a vehicle, nor was one involved in the commission of defendant's crime. Additionally, the People do not oppose this relief, and, in any event, it appears that Condition No. 27 was not checked on the Conditions of Probation form.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026